FILED
MAR 21 2011
[Clerk signature]

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| DONALD EDWARD CHARLES INGALLS, | * * * * | CIV. 11-4003 |
| Petitioner, | * | |
| -vs- | * * | **REPORT AND RECOMMENDATION** |
| DOUGLAS WEBER, Warden, MARTY JACKLEY, Attorney General, TIFFANY LANDEEN-HOEKE, Turner County States Attorney, | * * * * * | |
| Respondents. | * * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Petitioner Donald Edward Charles Ingalls, an inmate at the South Dakota State Penitentiary, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). The Petitioner has also filed Amended Grounds for Relief (Doc. 8), and a Brief in support of his petition (Doc. 10). The Respondent has filed a Motion to Dismiss (Doc. 12) and a supporting Brief with attachments (Doc. 13).

## JURISDICTION

Petitioner was convicted in Turner County, South Dakota, and is currently in custody in South Dakota pursuant to a judgment of a South Dakota State Court. The pending matter is therefore properly before this Court pursuant to 28 U.S.C. § 2254. The pending matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Judge Schreier's Standing Order dated March 18, 2010.

## PROCEDURAL HISTORY

On November 21, 2001, the Petitioner entered a plea of guilty to Count 1: Unauthorized Distribution of a Controlled Substance with High Potential for Abuse to a Minor; and Count 2: Second Degree Burglary. On February 20, 2002, Petitioner was sentenced to 50 years in prison for Count 1 and 25 years in prison for Count 2, with said sentences to be served concurrently. *See* Doc.

13, Attachment 1. Petitioner's conviction was affirmed on appeal by the South Dakota Supreme Court on October 15, 2002. *See* Doc. 13, Attachment 3. On May 20, 2003, Petitioner filed a state habeas petition and an evidentiary hearing was held on April 13, 2005. *See* Doc. 1-1 and Doc. 13-4. The state habeas petition was denied on June 30, 2005. *See* Doc. 13-7. A certificate of probable cause was denied by both the Circuit Court on July 26, 2005, and the South Dakota Supreme Court on October 11, 2005. *See* Doc. 13-9 and 13-10. Petitioner filed the instant Federal petition for habeas corpus pursuant to 28 U.S.C. § 2254 on January 5, 2011.

## DISCUSSION

### 1. AEDPA Statute of Limitations

28 U.S.C. § 2244(d) provides:

> (1) A 1-year statute of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

2

Petitioner's instant federal habeas petition is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), which imposes a one-year statute of limitations for filing federal habeas petitions. 28 U.S.C. § 2244(d)(1); *Beery v. Ault*, 312 F.3d 948, 949 (8th Cir. 2003). The federal limitations period runs from the date on which Petitioner's state judgment became final by the conclusion of direct review or the expiration of time for seeking direct review. *Id.* By Supreme Court rule, a petitioner has 90 days from the date of entry of judgment in a state court of last resort to petition for certiorari. *Id.*, Sup. Ct. R. 13. The statute of limitations is tolled, however, while "a properly filed application for State post-conviction review is pending." *Id.*; § 2244(d)(2). *See generally, Painter v. State of Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) ("a review of our cases makes clear, however, that the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period."). *See also Curtiss v. Mount Pleasant Correctional Facility*, 338 F.3d 851, 853 (rejecting the suggestion that the federal filing deadline had not expired because state petition was timely filed according to state law, and federal petition was filed within one year after state statute of limitations had expired); *Jackson v. Ault*, 452 F.3d 734, 735 (8th Cir. 2006) ("It does not matter that [petitioner's] . . . state post conviction relief application was timely filed under [state] law. The one year AEDPA time limit for federal habeas filing cannot be tolled after it has expired.").

Judgment was entered on Petitioner's conviction on February 20, 2002. He filed a direct appeal and his conviction was affirmed on October 1, 2002. Petitioner filed a state habeas petition on May 20, 2003, and an evidentiary hearing was held on April 13, 2005. *See* Doc. 1-1 and Doc. 13-4 and Doc. 13-6. The state habeas petition was denied on June 30, 2005. *See* Doc. 13-7. A certificate of probable cause was denied by both the Circuit Court on July 26, 2005, and the South Dakota Supreme Court on October 11, 2005. *See* Doc. 13-9 and Doc. 13-10. Petitioner filed the instant federal petition for habeas corpus pursuant to 28 U.S.C. § 2254 on January 5, 2011, well beyond the one-year statute of limitations for filing a federal habeas claim.

### 2. Equitable Tolling and § 2244(d)(1)(B)

Petitioner asserts his failure to timely file a federal application should be excused by the doctrine of equitable tolling. *See* Doc. 10. The Eighth Circuit has recognized the one-year AEDPA

statute of limitations may be equitably tolled. *Baker v. Norris*, 321 F.3d 769, 771 (8th Cir. 2003). "[E]quitable tolling may be invoked only in limited circumstances, such as when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Id.* (citations omitted). Equitable tolling is also appropriate when the conduct of the defendant has lulled the petitioner into inaction. *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). Generally, a litigant seeking equitable tolling must establish two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way. *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006). Petitioner asserts the following reasons to apply equitable tolling: his lack of knowledge of the law, his history of substance abuse, his history of behavioral problems including a diagnosis of anti-social personality disorder, his history as a special education student, and his diagnosis, surgery and treatment for Crohn's disease.

### A. Petitioner's Lack of Legal Knowledge.

In *Walker*, the Court refused to apply equitable tolling because among other reasons, the prison provided the inmates with "fill-in-the-blanks" forms designed for completion without the assistance of counsel. The Court notes these "fill-in-the-blank" forms are also available to South Dakota DOC inmates, and Petitioner used one in this case. The AEDPA one year statute of limitation is printed on page 4 of the current version of the form.

The Eighth Circuit has explained that if a prison law library makes available the necessary information regarding federal habeas applications (including the relevant statute of limitations) a prisoner "has no basis to complain that the adequacy of the library prejudiced his ability to pursue a timely application for writ of habeas corpus." *Entzi v. Redmann*, 485 F.3d 998, 1005 (8th Cir. 2007).

A prisoner's own ignorance of the law regarding the statute of limitations, or the interaction between the AEDPA and his state proceedings, does not justify equitable tolling. *Baker v. Norris*, 321 F.3d 769, 771 (8th Cir. 2003) emphasized that "prisoners are not exempt from the principle that everyone is presumed to know the law and is subject to the law whether or not he is actually aware of the particular law of which he has run afoul. Ignorance of the law, even for an incarcerated *pro*

4

*se* petitioner, generally does not excuse prompt filing." *Id.* (citations omitted, internal punctuation altered.) Petitioners are expected to diligently pursue, monitor and investigate their own postconviction cases. *Maghee v. Ault*, 410 F.3d 473, 476-77 (8th Cir. 2005). Simply alleging a lack of legal knowledge or understanding of the law, therefore, is insufficient to invoke equitable tolling. *Kruetzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000); *Cross-Bey v. Gammon*, 322 F.3d 1012, 1016 (8th Cir. 2003).

Finally, the Eighth Circuit has noted generally that equitable tolling affords the otherwise time-barred prisoner an "exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d at 805. In *Jihad*, the following were rejected as "extraordinary circumstances" which the Petitioner claimed entitled him to equitable tolling: an unsuccessful search for postconviction counsel; no access to his trial transcript, and unsuccessful attempts to obtain advice from state and federal officials about how to commence his habeas claim. Instead of "extraordinary circumstances" the court characterized these as the kinds of obstacles faced by most habeas petitioners, which Congress presumably considered when it enacted the one-year limitations period. *Id.* at 806-07. That Petitioner is untrained in the law, therefore, is insufficient to entitle him to equitable tolling of the AEDPA statute of limitations.

### B. Petitioner's Mental and Physical Ailments

Petitioner also asserts that his physical and mental condition should toll the statute of limitations. He has attached documentation to his brief (Doc. 10) in support of his claim. Petitioner asserts that because of his following medical and psychological diagnoses, the AEDPA statute of limitations should be equitably tolled: alcohol dependency, cannabis dependency, methamphetamine dependency, amphetamine dependency and Robitussin abuse, low IQ and Crohn's disease which resulted in a colostomy procedure in 2005.

The documentation shows that Petitioner's IQ as tested in 1996 is in the low/average range. He was also evaluated as having cannabis, amphetamine, and alcohol dependence, and antisocial personality disorder. *See* Doc. 10, EX B. Petitioner has been incarcerated at the SDSP beginning

5

in 2002. Other than the records from his 2005 hospitalizations, no medical or psychological records since the date of his conviction have been provided.

That Petitioner has a low/average IQ and that he was diagnosed with anti-social personality disorder as a teenager are, without more, insufficient to trigger the equitable tolling doctrine of the AEDPA. Petitioner must "establish a causal connection between [his] mental condition and [his] ability to file a timely petition." *Bentley v. Parker*, 2010 WL 1303447 (E.D. Tenn.). *See also, Nichols v. Dormire*, 11 Fed. Appx. 633, 634 (8th Cir. 2001) (unpublished, copy attached)[1](noting petitioner's medical diagnosis of psychotic disorders did not sufficiently mentally impair him as to interfere with running of AEDPA's statute of limitations because petitioner 'did not suffer from auditory or visual hallucinations, was not suicidal or homicidal, and was capable of registering a complaint to prison officials.').

> A petitioner's conclusory and vague claim without a particular description of how [his] condition adversely affected his capacity to function generally or in relationship to the pursuit of his rights, is manifestly insufficient to justify any further inquiry into tolling. Thus, equitable tolling on the basis of mental incapacity or mental illness is not appropriate unless the petitioner satisfies his burden of showing that the mental illness actually prevented him from pursuing his legal rights and timely filing his application for federal habeas relief.

*Adkins v. Warden*, 585 F.Supp.2d 286, 302 (D. Conn. 2008) (citations omitted, punctuation altered). "A petitioner must allege more than the mere existence of physical or mental ailments to justify equitable tolling. A petitioner has the burden to show that these health problems rendered him unable to pursue his legal rights during the one year time period." *Rhodes v. Senkowski*, 82 F.Supp.2d 160, 173 (S.D.N.Y. 2000). The Eighth Circuit has recognized that the standard for tolling due to mental illness is a "high one" and generally a plaintiff must show his mental condition

---

[1] Citation of unpublished opinions is governed by Rule of Appellate Procedure 32.1. Eighth Circuit Local Rule 32.1A provides that unpublished opinions issued before January 1, 2007 generally should not be cited but may be cited if they have persuasive value on a material issue and no published opinion of this circuit or another would serve as well. *Nichols* was decided before January 1, 2007 and is cited here because of its persuasive value, because no other Eighth Circuit authority has been found regarding the a prisoner claiming a personality disorder to justify equitable tolling of the AEDPA statute of limitations.

"prevented him . . .from understanding and managing his affairs generally and from complying with the deadline that he seeks to toll." *Lyons v. Potter*, 521 F.3d 981, 983 (8th Cir. 2008).

Petitioner has presented absolutely nothing to support his claim that his low/average intelligence or his mental condition prevented him from complying with the AEDPA one year statute of limitations. One hundred ninety three days passed between the date Petitioner's judgment became final and the date he filed his state habeas claim. The pendency of his state habeas claim tolled the AEDPA statute of limitations from the time it was filed (May 20, 2003) until it was final ( June 30, 2005). Another 1,918 days (five years, 3 months) passed, however, before he filed his federal habeas claim.

Although the records Petitioner filed indicate he was hospitalized for a significant portion of August and September, 2005, that accounts for only two months of his over *five year* tardiness. *See Rhodes v. Senkowski*, 82 F.Supp.2d 160, 170 (2000) (prisoner who alleged he was hospitalized three times with AIDS related illnesses during the one year time frame insufficient; "extreme headaches, depression, hypertension, weight loss, a fungal infection and atypical chest disorder [do not justify equitable tolling] . . . the mere fact that [petitioner] suffered with physical and mental ailments during the one-year period is insufficient to toll the one-year time period; [petitioner] must show that these medical problems rendered him unable to pursue his legal rights during the relevant time period." Because he did not present sufficient evidence that his physical and mental problems prevented him from pursuing his legal rights throughout the *entire* one-year period, the Court rejected the petitioner's equitable tolling claim. *Id.* at 170-71.

In this case, over five years have passed since the AEDPA statute of limitations expired. The Court is not unsympathetic to Plaintiff's medical issues. Plaintiff has not, however, met the high standard required by the Eight Circuit to justify equitable tolling.

Petitioner's assertions in support of equitable tolling are not well-taken. Petitioner has failed to show that he pursued his rights diligently or that any extraordinary circumstances stood in his way which prevented timely filing. Equitable tolling is not applicable in this case.

### 3. Petitioner's Application is Untimely

As explained above, judgment was entered on Petitioner's conviction on February 20, 2002. He filed a direct appeal and his conviction was affirmed on October 1, 2002. His state habeas petition was denied on June 30, 2005. *See* Doc. 13-7. A certificate of probable cause was denied by both the Circuit Court on July 26, 2005, and the South Dakota Supreme Court on October 11, 2005. *See* Doc. 13, Attachments 9 and 10. Petitioner filed the instant federal petition for habeas corpus pursuant to 28 U.S.C. § 2254 on January 5, 2011, well beyond the one-year statute of limitations as it is defined in 28 U.S.C. § 2244(d)(1) & (2).

## CONCLUSION AND RECOMMENDATION

Because more than one year passed during which no direct appeal or state habeas petitions were pending (after the grace period expired) before Petitioner filed his federal habeas petition, this action is barred by the AEDPA one-year statute of limitations. Petitioner has failed to show he diligently pursued his claims or that extraordinary circumstances prevented him from filing in a timely manner. Further, no state-created impediment prevented timely filing. Neither equitable tolling nor 28 U.S.C. § 2244(d)(1)(B), therefore, apply. No evidentiary hearing is warranted.

The Court finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right" and thus a certificate of appealability should not be issued in Petitioner's case. 28 U.S.C. § 2253(c)(2). Although 28 U.S.C. § 2253(c)(2) has been found to be "only a modest standard," Petitioner has not shown that "the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement or to proceed further.'" *Randolph v. Kemna*, 276 F.3d 401, 403 n.1 (8th Cir. 2002) (citations omitted).

It is therefore respectfully RECOMMENDED to the District Court that:
(1) Petitioner's application for writ of habeas corpus (Doc. 1) be DENIED with prejudice.
(2) Petitioner's Motion to Amend Grounds for Relief (Doc. 8) be GRANTED and Motion for Copies (Doc. 11) be DENIED AS MOOT.

(3) Respondents' Motion to Dismiss (Doc. 12) be GRANTED.

(4) No Certificate of Appealability be issued.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.

*Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990)

*Nash v. Black*, 781 F.2d 665 (8th Cir. 1986)

Dated this 21 day of March, 2011.

BY THE COURT:

John E. Simko
United States Magistrate Judge