UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| DONALD EDWARD CHARLES INGALLS, | ) ) ) | Civ. 11-4003-KES |
| Petitioner, | ) ) | |
| vs. | ) ) ) | ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING MOTION TO DISMISS |
| DOUGLAS WEBER, Warden; MARTY JACKLEY, Attorney General; TIFFANY LANDEEN-HOEKE, Turner County States Attorney; | ) ) ) ) ) ) | |
| Respondents. | ) | |

    Petitioner, Donald Edward Charles Ingalls, filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. The case was assigned to United States Magistrate Judge John E. Simko pursuant to 28 U.S.C. § 636(b)(1)(B) for the purpose of conducting any necessary hearings, including evidentiary hearings.

    On March 21, 2011, Magistrate Judge Simko submitted his report and recommended that Ingalls' petition be dismissed as time-barred by the one-year statute of limitations contained in the Anti-Terrorism and Effective Death Penalty Act (AEDPA). Magistrate Judge Simko also found that Ingalls was not entitled to equitable tolling of the statute of limitations because he had not shown that he pursued his rights diligently and that extraordinary circumstances prevented him from filing a timely petition. Ingalls filed his

objection to the Report and Recommendation on April 4, 2011. De novo review is required to any objections that are timely made and specific. *See Thompson v. Nix,* 897 F.2d 356 (8th Cir. 1990). Having reviewed the matter de novo, the court adopts the magistrate judge's report and recommendation as supplemented herein and dismisses the case with prejudice.

Ingalls pleaded guilty to distribution of a controlled substance with high potential for abuse to a minor and second-degree burglary. On February 20, 2002, Ingalls was sentenced to 50 years' imprisonment on the first charge and 25 years' imprisonment on the second, with the sentences to be served concurrently. On October 15, 2002, the South Dakota Supreme Court affirmed Ingalls' conviction. On May 20, 2003, Ingalls filed a state habeas petition, which was denied on June 30, 2005. The circuit court denied Ingalls' request for a certificate of probable cause on July 26, 2005; the South Dakota Supreme Court denied a certificate of probable cause on October 11, 2005. Ingalls did not file the instant petition until January 5, 2011, well beyond the one-year statute of limitations. Ingalls asserted that his failure to timely file his federal petition should be excused by the doctrine of equitable tolling due to his lack of knowledge of the law, his history of substance abuse, his history of behavioral problems (including a diagnosis of anti-social personality disorder), his history as a special education student, and his diagnosis, surgery, and treatment for Crohn's disease. Magistrate

Judge Simko analyzed all of these factors in his report and recommendation, but found that Ingalls had not met the high standard required by the Eighth Circuit Court of Appeals to justify equitable tolling.

In his objections, Ingalls again asserts that his struggles with Crohn's disease, addiction to drugs and alcohol, and low IQ justify the application of equitable tolling in his case. Specifically, Ingalls argues that while he was hospitalized for only two months, he was in recovery for over two years and so weak that he could not walk at certain points. Docket 15 at 1. He also asserts because that his doctors advised him to avoid high stress situations, he was not able to file a federal petition for habeas corpus. *Id.* Ingalls further argues that due to his low IQ he needs "help with everything I do that has to do with accomplishing my legal stuff." *Id.* Finally, Ingalls takes issue with the magistrate judge's discussion of the one-year statute of limitations rather than the substance of the claims in his petition. "[Y]ou are recommending that my habius [sic] be tossed cuz [sic] of some dumb rule about time tolling . . . I believe Judge Karen should rule in my behafe [sic] baised [sic] on my constitutional issues." *Id.* at 3.

Under the AEDPA, equitable tolling is available to a state prisoner applying for federal habeas relief in extraordinary circumstances. 28 U.S.C. § 2241(d)(1); *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). But "any invocation of equity to relieve the strict application of a statute of limitations

3

must be guarded and infrequent, lest circumstances of individual hardship supplant the rules of clearly drafted statutes. *Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir. 2001). "Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Finch v. Miller*, 491 F.3d 424, 427 (8th Cir. 2007) (quoting *Kreutzer v. Boxersox*, 231 F.3d 460, 462 (8th Cir. 2000)). "Equitable tolling is an *exceedingly narrow* window of relief." *Id.* at 427-28 (quoting *Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005)) (emphasis added).

Ingalls' lack of legal knowledge and difficulty with preparing legal documents are "the kinds of obstacles faced by many if not most habeas petitioners, and therefore Congress is presumed to have considered such equities in enacting the one-year limitations period." *Jihad*, 267 F.3d at 806-07. In other words, these difficulties are not extraordinary circumstances.

Furthermore, Ingalls' recovery from surgery and his illness do not justify the application of equitable tolling. While Ingalls objects and states that he was incapacitated for longer than the two months addressed in Magistrate Judge Simko's report and recommendation, that does not account for the over five years that Ingalls waited to file his petition. Moreover, Ingalls has not provided medical records to support his contention that he was virtually incapacitated for two years.

Ingalls' final objection appears to be that the court will not reach the merits of his constitutional claims if it disposes of his petition on the

4

grounds of untimeliness. This does not entitle him to equitable tolling of the one-year statute of limitations. *See Runyan v. Burt*, 521 F.3d 942, 945-46 (8th Cir. 2008). If the court were accept that contention, "it would invalidate Congress's judgment that one year represents a fair and appropriate limitations period and, in effect, nullify the limitation." *Id.* Accordingly, it is

ORDERED that the Report and Recommendation of Magistrate Judge Simko (Docket 14) is accepted in full as supplemented by this opinion, and Ingalls' objections (Docket 15) are overruled. Ingalls' pro se petition for habeas corpus is denied in all respects with prejudice. Respondents' motion to dismiss petitioner's habeas corpus petition (Docket 12) is granted.

IT IS FURTHER ORDERED that based upon the reasons set forth herein and pursuant to Fed. R. App. P. 22(b), the court finds that petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Therefore, a certificate of appealability is denied.

Dated May17, 2011.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE

5